UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONALD TEEL; LEONE TEEL; and JOHN THOMAS LAYTON </br></br>Plaintiffs, </br></br>v. </br></br>RILEY DARNELL, in his official capacity as Secretary of State of the State of Tennessee ; BROOK THOMPSON, in his official capacity as Coordinator of Elections of the Department of State of the State of Tennessee; the BRADLEY COUNTY ELECTIONS COMMISSION; FRAN GREEN, in her official capacity as Administrator of the Bradley County Elections Commission; and KALIN MORRIS, in her official capacity as the Assistant Administrator of Elections of the Bradley County Elections Commission </br></br>Defendants. | No. 1:07-CV-271 </br></br>Chief Judge Curtis L. Collier |

## MEMORANDUM

Before the Court is plaintiffs Ronald Teel, Leone Teel, and John T. Layton's ("Plaintiffs") motion for reconsideration (Court File No. 32), along with accompanying memorandum (Court File No. 33) and the response in opposition (Court File No. 35) by defendants Riley Darnell, Brook Thompson, the Bradley County Elections Commission, Fran Green, and Kalin Morris ("Defendants"). Plaintiffs also filed a motion to amend or revise their complaint (Court File No. 34), along with an amended complaint (Court File No. 34-1), and Defendants filed a response in opposition (Court File No. 36). For the following reasons, the Court will **DENY** Plaintiffs' motion for reconsideration (Court File No. 32) and motion to amend or revise their complaint (Court File No. 34).

## I. BACKGROUND

Plaintiffs filed this case against Defendants, who are state and county election officials and the Bradley County Elections Commission, alleging multiple violations of Plaintiffs' rights under the state and federal constitutions. Defendants filed a motion to dismiss, which the Court granted, dismissing with prejudice Plaintiffs' federal claims, dismissing without prejudice their state claims, and dismissing without prejudice all claims as against the defendants in their individual capacities (Court File No. 31). The relevant facts of this case are set out in the Court's Memorandum (Court File No. 30) accompanying that Order and will not be repeated here. *Teel v. Darnell*, 2008 WL 474185, *1-*2, 2008 U.S. Dist. LEXIS 13121, *2-*6 (E.D. Tenn. Feb. 20, 2008).

Plaintiffs filed this timely motion for reconsideration, along with a motion to amend or revise their complaint. The additions to the complaint state the Teel Plaintiffs considered the commercial mailbox address their "home base"; Plaintiff Layton has returned to Tennessee numerous times, some times for a few days, other times for a few months and he considers the commercial mailbox address to be his "home base" where he can receive messages and be contacted; Layton has connections to the community; the commercial mailbox address is the "home base" of all Plaintiffs, "the place where they are capable of receiving messages and being contacted and the place they intent to return to when they are done traveling. As the geographical location that Plaintiffs sleep can change from day to day, this is the most permanent place they call home." (Court File No. 34-1).

## II. STANDARD OF REVIEW

Plaintiffs moved for reconsideration "under the Court's inherent powers to prevent manifest injustice" and also under Fed. R. Civ. P. 59(e) (Court File No. 33, p. 4). This Court has considerable discretion whether to alter or amend a prior judgment pursuant to Rule 59(e). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of such a motion is to bring newly discovered evidence or a manifest error of law or fact to the Court's attention. *Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D. Tenn. 1997); *Milwee v. Peachtree Cypress Inv. Co.*, 510 F.Supp. 284, 289-90 (E.D. Tenn. 1978). Accordingly, the Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

"In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 Charles Alan Wright, et al., Federal Practice and Procedure Civil 2d § 2810.1; *see also Ruscavage v. Zuratt*, 831 F.Supp. 417, 418 (E.D. Pa. 1993) (noting Rule 59(e) motions "should be granted sparingly because of the interests in finality and conservation of judicial resources"). Therefore, when deciding such motions, the Court must balance the need for finality with the need to render just decisions. *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355.

## III. DISCUSSION

The parties in this case are on two different wavelengths. Plaintiffs contend they are being denied the right to vote merely because their only address is a commercial mailbox. Defendants

contend Plaintiffs are not entitled to vote in Tennessee because they are not residents of the state. Defendants filed a motion to dismiss, which this Court granted. Plaintiffs filed the instant motion to reconsider, and the Court has examined their arguments, but concludes it was correct initially. Taking Plaintiffs' factual allegations as true, they do not reside in Tennessee and therefore suffer no constitutional deficiency from being denied the right to vote in Tennessee.

As the Court noted in its original Memorandum, the right to vote is among the most cherished rights of the American people. But merely being an American citizen does not entitle a person to vote in some locale. Elections are run by the states. Even for national offices, like the House of Representatives, Senate, and the Presidency, elections are held on a state-by-state basis. States are entitled to set eligibility and registration requirements. *Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 568 (6th Cir. 2004).

To vote in Tennessee, a person must have their residence in the state and concurrently intend to establish that residence as their domicile. *Brown v. Hows*, 42 S.W.2d 210, 211-12 (Tenn. 1931); *Parrott v. Abraham*, 146 S.W.3d 623, 628 (Tenn. Ct. App. 2003). Plaintiffs at times refer to mere "physical presence" instead of "residence," but the two cases establish that residence is required, not merely physical presence. Plaintiffs have alleged they intend to remain in Tennessee, and the Court did not dispute that in its previous Memorandum (Court File No. 30, p. 11). The Court, however, noted there was a problem with whether Plaintiffs established a residence in the state (*id.*). As the Tennessee Supreme Court noted in *Brown*, "a bare intent to make a particular place one's residence is not sufficient to establish a domicile. There must be some appropriate action harmonizing with the intent." 42 S.W.2d at 212.

The determination of a person's domicile is decided by considering "the conduct and

4

declarations" of the person. *Wiseman v. Wiseman*, 393 Tenn. 892, 895 (Tenn. 1965). If there is a dispute of fact, the determination should be made by a jury. *Coury v. State*, 374 Tenn. 397, 400 (Tenn. 1964); *see also Wiseman*, 216 Tenn. at 895 (where the Tennessee Supreme Court made a determination of domicile as a matter of law). In determining Plaintiffs are not domiciled in Tennessee, this Court considered the facts alleged in their complaint as true and in the light most favorable to Plaintiffs. Those facts establish that Plaintiffs regularly visit the commercial mailbox establishment that contains their Grove Avenue mailbox. The facts do not establish Plaintiffs live there. In their motion to amend, Plaintiffs contend their Grove Avenue address is their "home base" because it is the most permanent place they regularly return to, and where they receive mail and other communications.[1]

Plaintiffs continue to contend their Grove Avenue address is their residence (Court File No. 34, p. 9). They are wrong. Their Grove Avenue address is a mailbox in a commercial establishment. As Plaintiffs acknowledge, they cannot fit inside the mailbox (Court File No. 32, p. 10). It is merely an address, not a residence. Most people who have mailboxes have residences at or near their mailboxes. Merely having a mailbox is insufficient. As the Court noted in its original Memorandum, since Plaintiffs lack a residential mailbox, they could establish their

---

[1] Plaintiffs make numerous references to their "home base," apparently in reliance on *Pitts v. Black*, which held that the "home base" of homeless people can serve as their residences for voting purposes. 608 F. Supp. 696, 709-10 (S.D.N.Y. 1984). *Pitts*, which is not binding on this Court, involved a statute that prohibited homeless people from voting because they lacked fixed, permanent homes, which is different from the Tennessee statute at issue here. *Id.* at 697-98. Furthermore, the definition devised by the court in *Pitts* does not help Plaintiffs. The definition requires people to "identify[] a *specific location* within a political community which they consider their 'home base.'" *Id.* at 710 (emphasis added). As explained in the next paragraph of this Memorandum, Plaintiffs' recovery is precluded because of the distinction between a location where one lives and a commercial mailbox address.

residence as the physical location where they live[2] (Court File No. 30, p. 11). If they lived in the establishment, that would be their address.

Or, if they lived behind the establishment, they could indicate that is the location where they live. Such residence would comport with the National Voter Registration Act, and Defendants insist they have informed Plaintiffs of this option, yet Plaintiffs have not availed themselves of it. Instead, Plaintiffs have offered to provide the physical location of the commercial mailboxes, and now claim that because they bring their mobile home to the parking lot of the commercial mailbox store, that is where they are living (Court File No. 33, p. 10). If indeed Plaintiffs now contend they reside in the parking lot of the store, then the store's parking lot would be their residence, not the commercial mailbox they rent inside. That may seem like a fine point, but Plaintiffs' insistence on using a commercial mailbox address is what distinguishes them from homeless people or people who live in mobile homes in a specific location. The latter scenario is what occurred in *Speights v. Willis*, 88 S.W.3d 817, 819 (Tex. App. 2002), where people who live in motor homes were allowed to vote because they resided on a tract of land. Plaintiffs note that "the descriptions of the voter's residential locations" was sufficient to allow election officials to place voters in a voting precinct (Court File No. 33, p. 11). In that case, the plaintiffs had physical locations where they resided, not just commercial mailing addresses.[3]

Plaintiffs contend the Court's previous Memorandum suggested a requirement that they live

---

[2]The Court is using "live" and "reside" interchangeably. Plaintiffs criticize the Court for using "live," yet they acknowledge, "'Live' is the same as 'reside' under Tennessee law" (Court File No. 34, p. 9).

[3]A motion to amend a complaint should be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the amended complaint does not change the outcome of Plaintiffs' motion, the Court will **DENY** the motion to amend (Court File No. 34).

in the state for a period of time, despite the prohibition on durational residency requirements, *Dunn v. Blumstein*, 405 U.S. 336 (1972). However, in *Dunn*, the Supreme Court emphasized again "the difference between bona fide residence requirements and durational residence requirements." *Id.* at 343. "States have the power to require that voters be bona fide residents of the relevant political subdivision." *Id.* "An appropriately defined and uniformly applied requirement of bona fide residence may be necessary to preserve the basic conception of a political community, and therefore could withstand close constitutional scrutiny." *Id.* at 343-44. In the previous Memorandum, this Court noted, "the statute at issue here does not penalize Plaintiffs for being new residents of Tennessee. It prohibits them from voting because they are *not* residents of Tennessee." (Court File No. 30, p. 14).[4]

Plaintiffs also contend the Court's conclusion that Plaintiff's are not residents because they have only a commercial address implicitly proves the statute contains an irrebutable presumption, and presumptions of non-residence violate the Fourteenth Amendment to the United States Constitution. Plaintiffs misconstrue the law as prohibiting them from being citizens if they have only a commercial address. As previously noted, there are other ways to establish citizenship in the state. Plaintiffs are not permitted to vote because that is a right limited to state residents, and they have not established bona fine residency in Tennessee. Merely having a commercial mailbox address is not sufficient to establish residency.

Finally, Plaintiffs contend the Court improperly subjected them to a heightened pleading

---

[4]If there is a factual dispute as to whether a law or policy is a bona fide residency requirement or a durational residency requirement, that would be a question for the jury, as the Plaintiffs note, relying on *Eastman v. University of Mich.*, 30 F.3d 670 (6th Cir. 1994). Here, the Court concluded there was no factual dispute.

standard, improperly requiring them "to anticipate the court's concerns" and prove they are domiciled in Tennessee (Court File No. 33, p. 6). Plaintiffs did need to anticipate that, to allege a violation of their rights to vote in Tennessee, they would need to assert facts showing they are entitled to vote in Tennessee. Furthermore, Defendants' memorandum in support of their motion to dismiss specifically challenges Plaintiffs' claim they are residents, so Plaintiffs were aware this was an issue they needed to deal with. Plaintiffs insist the Court must accept as true their claim they are residents of Tennessee, but they need enough facts to show they are entitled to relief. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65). In addition, because Plaintiffs have full knowledge of all facts regarding whether they are residents of Tennessee, allowing discovery on the matter would not improve their position.[5]

## IV. CONCLUSION

Plaintiffs have failed to convince the Court it made any clear errors of law in its decision to dismiss this case. Therefore, the Court will **DENY** Plaintiffs' motion for reconsideration (Court File No. 32). Because Plaintiffs' motion to amend their complaint does not change the outcome of the motion for reconsideration, the Court will also **DENY** Plaintiffs' motion to amend or revise their complaint (Court File No. 34).

An Order shall enter.

---

[5]In their motion for reconsideration, Plaintiffs also contend *Pepper v. Darnell*, 24 F. App'x 460 (6th Cir. 2001), is not applicable to this case. The Court agrees. In the previous Memorandum, the Court mentioned *Pepper* for illustrative purposes only, expressly noting that *Pepper* was not dispositive to this case and did not involve constitutional claims such as those at issue here.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**